*614
 
 Williams, J.,
 

 concurring. It has been stated as a general proposition that persons who act in concert in committing a tort are jointly and severally liable. Concert, however, is a word of varying meaning. In a broad sense, action in concert is action according to ‘ ‘ an agreement in design or plan. ” In a narrow sense it is “simultaneous action” or action at the same time. Likewise it has been stated as a general proposition that persons who act concurrently in the commission of legal wrong and whose acts directly and proximately contribute to cause injury or damage to a third person are liable therefor jointly and severally.
 

 These statements, however, are generalizations which do not cover the whole field in the specific tort, negligence. The reason for this assertion is that negligence may consist of an act of commission or it may arise out of a failure to act, that is, out of an omission. Certainly there could be no concert of action in the broad sense at least, where the negligence of the tortfeasors consisted of a failure to act when a duty to act existed.
 

 In the instant case the negligence of the tort-feasors, if such there was, arose out of failure to guard the opening when the doors were lifted — an omission to perform a duty.
 

 Does not the instant case, then, turn on duty? Without a duty and the breach of it there can be no negligence. The Frederick Company and A. T. Raver and L. Gr. Raver, d. b. a. Raver’s Tavern, each owed a duty to the injured pedestrian — the duty to exercise ordinary care to guard the opening. But was there not an inference warranted by the evidence favorable to the plaintiff that, as between the Frederick Company and the Ravers, the duty rested primarily and solely on the former?
 

 There was evidence that there was an understanding between them to the effect that the Frederick Company
 
 *615
 
 should guard the opening while the doors were open and the milk was being delivered and that that understanding was being carried out at the time the pedestrian was injured. Furthermore, there was evidence that Albert M. Calvin who delivered the milk had with him a helper, as was customary, who under the former ’s direction and control was in charge of guarding the hole and loading milk bottles on the truck which stood by near at hand, that the helper negligently performed the service assigned to him and that the injury to the pedestrian was the direct result thereof.
 

 Under such circumstances, the. jury having found for plaintiff and against the Frederick Company, it is immaterial whether one of the Ravers or one of their employees unlatched the doors and lifted them up, as the duty to guard did not arise until the doors were opened and then the duty (in view of the jury’s finding) must be deemed to have rested primarily and solely on the helper as agent and employee of the Frederick Company and so on the Frederick Company itself.
 

 The question of the primary liability of the Frederick Company was raised by the evidence and was properly submitted to the jury. Therefore, the Court of Appeals was not warranted in finding for the Frederick Company as a matter of law and entering judgment in its favor.
 

 Hart, J., concurs in the foregoing concurring opinion.